Maetut, J.
delivered the opinion of the court.
*573 The defendants are appellants from a judgment by which the plaintiff has recovered the sum of fifteen hundred dollars, the value of a slave, crushed by one of their locomotive engines, while he was lying across their railroad, asleep, intoxicated, or in a fit of epilepsy or other disease.
The testimony does not show that the engineer did not act with due care. He discovered the slave about two minutes before the catastrophe happened; and the chief engineer of the Carrollton Railroad has testified that in [340] ordinary circumstances, a locomotive engine with a train of cars, such as were drawn at the time, may be taken up in half a minute. On the other hand, it is not shown that the slave labored under any disease; and therefore if he fell asleep on the road he was guilty of great neglect; and if he was disabled from taking care of himself by intoxication, his owner cannot expect compensation for him. See the case of Lesseps v. Pontchartrain Railroad, Compamy, recently decided, 17 L. Reports, 361.
The defendants’ witnesses were mostly persons who were passengers in the train, and had the best opportunity to give information as they were eyewitnesses. Those of the plaintiff were not present, but some of them came soon afterwards. The testimony, in our opinion, preponderates in favor of the defendants.
Li cases like the present, where the accident may be attributed to the fault or neglect of both parties, the plaintiff cannot recover. In the case of a collision between two vessels, Lord Tenterden, Chief Justice, says, in summing up the case to the jury, “ the question is whether you think the accident- was occasioned by want of care on the part of the crew of the Robert and Ann ? (the defendant’s vessel). If there was want of care on both sides, the plaintiffs cannot maintain thew action ; to enable them to do so, the action must be attributable entirely to the fault of the defendants.” 1 Moody & Malkin, 169 ; or 22 English .Common Law Reports, 280.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that ours be for the defendants, with costs in both courts.